IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA | Case No. 3:20-mj-00436-DMS |
|---|---|
| v. | |
| RONALD FETUAO MAEFAU | |
| Defendant | |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A CRIMINAL COMPLAINT**

I, Ryan Borgeson, being duly sworn, hereby depose and state:

**TRAINING AND EXPERIENCE OF AFFIANT**

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). Beginning in May 2018, I attended a 28-week ATF academy in Glynco, Georgia that certified me as an ATF Special Agent. I have been assigned to the Anchorage Field Office since December 2018. Since becoming a Special Agent with the ATF, I have participated in numerous federal, state and local investigations involving firearm traffickers, armed narcotic traffickers, felons in possession of firearms and ammunition and the use of firearms in furtherance of drug trafficking crimes and other crimes of violence. Many of these investigations have resulted in convictions for violations of federal firearm and narcotic laws.

2. During my tenure with the ATF, I have become familiar with the methods and techniques associated with the distribution of narcotics, the laundering of drug proceeds,

and the organization of drug conspiracies. In the course of conducting these investigations, I have been involved in the preparation, presentation and execution of numerous search and arrest warrants which have resulted in the recovery of firearms, narcotics, currency and documentary evidence indicative of firearm and narcotic trafficking organizations. Many of these investigations have resulted in arrests leading to convictions for violations of federal firearm laws and violations of the Controlled Substances Act. During these investigations, I have been involved in the use of the following investigative techniques: interviewing confidential sources, cooperating witnesses and defendants; conducting physical surveillance, conducting short-term undercover operations; and consensual monitoring and recording of both telephonic and non-telephonic communications.

## PURPOSE OF AFFIDAVIT

3. This affidavit is submitted in support of a criminal complaint charging **RONALD MAEFAU** with violation of Title 18 U.S.C. §922(g)(1) – It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to possess in or affecting commerce, any firearm or ammunition.

4. I have participated in the investigation of the offense set forth below. The facts and information contained in this affidavit are based upon my personal knowledge, information obtained from federal, state and local law enforcement officers and information obtained from interviews and analysis of reports. Unless specifically indicated, all conversations and statements described in this affidavit are related in

substance and in part only, and are not intended to be a verbatim recitation of such statements.

5. I have not set forth each and every fact learned during the course of this investigation. I have set forth only those facts, which establish the foundation for probable cause. Facts not set forth herein are not being relied upon to establish probable cause. Nor do I request that this Court rely upon any facts not set forth herein in reviewing this affidavit in support of a criminal complaint.

## PROBABLE CAUSE

6. On July 31, 2020, at approximately 1912 hours, **Ronald MAEFAU** drove a 2009 silver Chevrolet Malibu bearing AK Plate: LBU731 to the apartment complex at 1500 Charter Circle, Anchorage, Alaska. The apartment complex's security camera footage recorded the following footage:

   a. At approximately 19:10:19 hours on the camera footage **MAEFAU** gets out of the driver's seat of the vehicle wearing a reflective jacket, khaki shorts, and brown sandals. **MAEFAU** removed a reflective jacket and then got back into the driver's seat and continued into the apartment complex. **MAEFAU** began firing multiple rounds at 1502 Charter Circle Unit D. (Note: APD Officers interviewed the tenants and recovered bullets from Unit D)

Page 3 of 8

Case 3:20-mj-00436-DMS   Document 1-1   Filed 08/27/20   Page 3 of 8

b. At approximately 19:11:16 on the camera footage **MAEFAU** proceeded out of the complex the same way he entered firing multiple times out of the driver window. Photographs of the incident are depicted below:

 



7. On July 31, 2020, at approximately 2145 hours APD Officers observed the silver Chevrolet Malibu bearing AK Plate: LBU731 at 3727 Spenard Road, Anchorage, Alaska. Officers followed the vehicle to the intersection of Raspberry Road and Minnesota Drive, Anchorage, Alaska where they perform a high-risk traffic stop. The driver of the vehicle appeared to be wearing the same tan khaki shorts and brown sandals, and was identified as **MAEFAU**.

Page **4** of **8**

MAEFAU was brought to APD for questioning and the Malibu bearing AK Plate: LBU731 was seized pending search warrant. Photographs of MAEFAU are depicted below:

 

8.  On July 31, 2020, during a post-Miranda Warning interview MAEFAU admitted that the firearm belonged to him and that it was in the vehicle. MAEFAU was asked why he committed the shootings and he responded he was having a bad day and that he did not mean harm to anyone.

9.  On August 5, 2020, APD Detectives applied for and were granted Alaska State search warrant 3AN-20-2945SW for the Malibu bearing AK Plate: LBU731. Detectives recovered a Glock pistol in the glove box, .45 caliber ammunition, and multiple spent .45 caliber cartridge casings from the vehicle. Photographs of the recovered items are depicted below:




Page **6** of **8**



10. **RONALD FETUAO MAEFAU** was convicted of Murder, Robbery in the second degree, and shooing at a Dwelling in Los Angeles County California on June 6, 1994. These crimes are punishable by imprisonment for a term exceeding one year.

11. The recovered firearm and ammunition are not manufactured in the state of Alaska, therefore the firearm and ammunition in **MAEFAU**'s possession traveled in and affected interstate or foreign commerce as defined in Title 18 U.S.C. § 921 (a)(2).

## CONCLUSION

Based on the aforementioned information and my training and experience in firearm and narcotic related investigations, I believe that there is probable cause to believe that **RONALD FETUAO MAEFAU**, knowing possessed a firearm and ammunition, a violation of 18 U.S.C. §922(g)(1) – It shall be unlawful for any person who has knowingly been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to

Page **7** of **8**

Case 3:20-mj-00436-DMS   Document 1-1   Filed 08/27/20   Page 7 of 8

possess in or affecting commerce, any firearm or ammunition.

_____
RYAN BORGESON
SPECIAL AGENT
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS and EXPLOSIVES (ATF)

Sworn and subscribed ~~before me~~ *telephonically* in Anchorage, Alaska this  26  day of August 2020.

_____
UNITED STATES DISTRICT COURT MAGISTRATE JUDGE
DISTRICT OF ALASKA